UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO.: 15-CIV-62210

PEMICA, INC. PEMICA CORP. and
VENEZOLANA DE EXPORTACIONES
E IMPORTACIONES, C.A. f/u/b/o
ATLANTIC SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

vs.

KING OCEAN SERVICES LIMITED, INC.,

        Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant, KING OCEAN SERVICES LIMITED, INC. ("KING OCEAN"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby file this their Notice of Removal of this action styled *PEMICA, INC. PEMICA CORP. and VENEZOLANA DE EXPORTACIONES E IMPORTACIONES, C.A. f/u/b/o ATLANTIC SPECIALTY INSURANCE COMPANY, Plaintiff, vs. KING OCEAN SERVICES LIMITED, INC., Defendant.*, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. As required by 28 U.S.C. § 1446, Defendant sets forth a short and plain statement of the grounds for this removal and attach copies of all process, pleadings and orders served upon them

in this action. KING OCEAN submits to this Court that this action is properly removable under 28 U.S.C. § 1441, 28 USC §1337, 28 USC §1331 and/or 28 USC §1333.

Pursuant to 28 USC §1337, the District Courts have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopoly if the matter in controversy for each receipt or bill of lading exceeds US$10,000.00, exclusive of interest and costs. As set forth by the Fifth Circuit in *Uncle Ben's v. Hapag-Lloyd*, 855 F.2d 215 (5th Cir. 1988), this action is governed by the Harter Act, 46 U.S.C. §30701 et seq. and/or the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 Note (2007). As stated by the Fifth Circuit in *Hapag-Lloyd*:

> The Harter Act, governing a shipper's custody or care of property during the pre-loading phase, is federal legislation regulating commerce. *Ford Motor Co. v. Wallenius Lines*, 476 F. Supp. 1362 (Ed. Va. 1979). As such, the action involving its provisions could have been brought originally in Federal Court and, thus, was removable under 28 USC §1441 and §1337.

From the face of Plaintiff's Complaint, it is apparent that the Plaintiff's claim against KING OCEAN is governed by COGSA and/or by the Harter Act, both of which constitute federal legislation regulating commerce, thus rendering the action removable under 28 USC §1337; *see also, Polo Ralph Lauren v. Tropical Shipping & Const. Co. Ltd.*, 215 F.3d 1217, 1219-20 (11th Cir. 2000) (COGSA governs all contracts of carriage by sea to and from ports of the United States in foreign trade; provides the exclusive remedy and preempts all state law and tort claims, *inter alia*, negligence and bailment); *Seafarers, Inc. v. King Ocean Servs. Ltd.*, 2015 U.S. Dist. LEXIS 69641 (S.D. Fla. 2015) ("Therefore, COGSA applies to Plaintiff's allegations that Defendants breached their duties arising from the bill of lading. Remand is therefore improper because COGSA preempts all state law claims."). Plaintiff has alleged that KING OCEAN is a common carrier engaged in international shipping, including ocean transportation and has further

alleged that Plaintiff hired KING OCEAN for the carriage of goods by sea from Port Everglades, Florida to La Guaira, Venezuela[1] and that KING OCEAN issued an ocean bill of lading.

KING OCEAN states that this action is being removed within thirty (30) days of service of process from the date of service and is otherwise properly removable.

KING OCEAN was served with the Summons and Complaint on September 30, 2015. KING OCEAN has attached as Exhibit "A" a copy of all process, pleadings, and orders filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

KING OCEAN has filed a Notice of Filing Notice of Removal with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as appears from Exhibit "B" attached hereto.

Pursuant to the provisions of 28 U.S.C. 1446, KING OCEAN is promptly giving written notice of this removal to counsel for Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court in and for Miami Dade County as required by law.

WHEREFORE, Defendant KING OCEAN, submits that this action is being properly removed.

/s/Damon T. Hartley
Damon T. Hartley
Fla. Bar No. 41136
Jan M. Kuylenstierna
Fla. Bar No. 375985
Charles G. De Leo
Fla. Bar No. 353485
Ryon L. Little
Fla. Bar No. 26402
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156

---

[1] COGSA applies to "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade . . . ."46 USCS § 30701 (note 2007).

Telephone: (786) 332-4909
Facsimile: (786) 518-2849
Attorneys for KING OCEAN

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via electronic mail October 20, 2015 on all parties on the attached service list.

William E. Cassidy, Esquire
CASSIDY & BLACK, P.A.
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 505
Miami, Florida 33156
Tel: (305) 271-8301
Fax: (305) 271-8302
Email: wcassidy@marlaw.com