UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO.: 15-CIV-23929-ALTONAGA

PEMICA, INC. PEMICA CORP. and
VENEZOLANA DE EXPORTACIONES
E IMPORTACIONES, C.A. f/u/b/o
ATLANTIC SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

vs.

KING OCEAN SERVICES LIMITED, INC.,

        Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant KING OCEAN SERVICES LTD., INC. ("KING OCEAN"), by and through undersigned counsel for its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, PEMICA, INC., PEMICA CORP. and VENEZOLANA DE EXPORTACIONES E IMPORTACIONES, C.A. f/u/b/o ATLANTIC SPECIALTY INSURANCE COMPANY (collectively "PEMICA") and states:

1. Denied.

2. Denied for lack of sufficient knowledge.

3. Denied for lack of sufficient knowledge.

4. Denied for lack of sufficient knowledge.

5. Denied for lack of sufficient knowledge.

6. Denied for lack of sufficient knowledge.

7. Admitted that KING OCEAN is an ocean common carrier for hire. Except as expressly admitted, the allegations in paragraph 7 are denied.

8. Admitted that on or about September 6, 2014, KING OCEAN issued ocean bill of lading number PEVLAG30453. Except as expressly admitted, the allegations in paragraph 8 are denied.

9. Denied.

10. Denied.

11. Denied for lack of sufficient knowledge.

12. Denied for lack of sufficient knowledge.

13. Denied.

## COUNT I - COGSA

KING OCEAN re-alleges and incorporates by reference its responses to paragraphs 1-12 as if fully pled herein.

14. Denied.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING THE AMENDED COMPLAINT AND FOR ITS SEPARATE, COMPLETE, PARTIAL AND SEPARATE AFFIRMATIVE DEFENSES, KING OCEAN ALLEGES AS FOLLOWS:

1. The claims against KING OCEAN are governed by the terms of the U.S. Carriage of Goods by Sea Act, 46 U.S.C.A. § 30701 note (2007) ("COGSA"). KING OCEAN affirmatively pleads the pertinent provisions of COGSA, asserting each and every defense

available to it under said Act, as well as the customs and practices at the load port of Port Everglades, Florida and the discharge port of La Guaira, Venezuela as well as affirmatively pleads the pertinent provisions of KING OCEAN's bill of lading, dock receipts, discharge documents, interchange receipts or any other documents issued in connection with the movement of the subject cargo.

2.  COGSA provides the exclusive remedy available to Plaintiff and preempts all state law claims and limits Plaintiffs' claims, if any, to breach of contract of carriage. *See Polo Ralph Lauren, L.P., et al. v. Tropical Shipping & Constr. Co., Ltd.*, 215 F.3d 1217, 1219-20 (11th Cir. 2000) (holding that claims for bailment and negligence were preempted by COGSA); *see also Garland Corp. v. Evergreen Marine Corp.,* 2009 U.S. Dist. LEXIS 49909, 8-9 (S.D. Fla. 2009) ("COGSA provides the exclusive remedy for damages during the time after goods are loaded on a ship and until they are removed from the ship."). Accordingly, the Plaintiff is precluded from bringing a claim for bailment.

3.  Any statement in KING OCEAN's Bill of Lading relating to marks and numbers and kind of packages, description, quantity, weight and measure, nature, kind, value or other particulars of the contents of such boxes as furnished by the shipper and/or consignee are unknown to KING OCEAN and KING OCEAN accepts no liability in respect thereof.

4.  Plaintiffs have failed to sustain their burden of proving a *prima facie* case of liability against KING OCEAN under COGSA and therefore has failed to state a claim upon which relief can be granted.

5.  If the acts or omissions of other third parties, including but not limited to any freight forwarders, freight consolidators, or NVOCCs or its shipper, over whom KING OCEAN exercised no control, contributed in whole or in part to the alleged shortage or damage to

Plaintiffs' cargo, this would require the apportionment of damages according to the degree of fault of said parties, and KING OCEAN would only be liable for its proportionate share of negligence or fault, if any, which is denied.

6. The Plaintiffs' claims are governed by and subject to the terms and conditions of KING OCEAN's Bill of Lading and Contracts of Carriage by operation of law, and the shipper, the consignee and their subrogees are bound by said terms and conditions.

7. Any loss or damage of the goods, which is denied, was due to causes for which neither the carrier nor the ship were liable or responsible by virtue of Section 4(2) of COGSA, and through incorporation by Clause 3 of KING OCEAN's Bill of Lading, more particularly but not exclusively, a) Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship; (b) Fire, unless caused by the actual fault or privity of the carrier; Perils, dangers, and accidents of the sea or other navigable waters; (d) Act of God; (e) Act of war; (f) Act of public enemies; (g) Arrest or restraint of princes, rulers, or people, or seizure under legal process; (h) Quarantine restrictions; (i) Act or omission of the shipper or owner of the goods, his agent or representative; (j) Strikes or lockouts or stoppage or restraint of labor from whatever cause, whether partial or general: Provided, that nothing herein contained shall be construed to relieve a carrier from responsibility for the carrier's own acts; (k) Riots and civil commotions; (l) Saving or attempting to save life or property at sea; (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods; (n) Insufficiency of packing; (o) Insufficiency or inadequacy of marks; (p) Latent defects not discoverable by due diligence; and (q) Any other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

8.      If any loss or damage occurred as alleged, said loss or damage was due to a cause or causes for which the carrier is excused or exempted from liability under the terms of COGSA and/or the terms of KING OCEAN's Bill of Lading and/or the general maritime law.

9.      In the event that any liability is adjudged against KING OCEAN by reason of the matters and facts alleged in the Claim, then the liability of KING OCEAN is restricted and limited to $500.00, lawful money of the United States, per package or in case of goods not shipped in packages, per customary freight unit, in accordance with section 4(5) of COGSA and Clause 19 of KING OCEAN's Bill of Lading.

10.     KING OCEAN further alleges that the weight, condition, and content of the shipments are all those declared by the shipper, and KING OCEAN is not accountable for those descriptions.

11.     Although COGSA expressly applies duties to carriers during the sea transport, the parties may agree to extend the applicability of the Act to the pre-loading and post-discharge period. COGSA § 7; *see B. Elliott (Canada) Ltd. v. John T. Clark & Son of Maryland, Inc.*, 704 F.2d 1305, 1307 (4th Cir. 1983); *Neutax, S.A. v. Global Freight Servs.*, No. 02-21943, 2002 WL 31962180, at *1 (S.D. Fla. 2002).

12.     Plaintiffs have failed to mitigate their damages.

13.     Plaintiffs are not the real party in interest.

14.     Plaintiffs do not have standing to sue.

**KING OCEAN RESERVES THE RIGHT TO AMEND ITS AFFIRMATIVE DEFENSES**.

WHEREFORE, Defendant KING OCEAN SERVICES LTD., INC. respectfully requests that this Court dismiss PEMICA's Complaint with prejudice and further award KING OCEAN such other relief as this Court deems just and equitable.

Respectfully submitted this 20TH day of October, 2015.

*/s/ Damon T. Hartley*
Damon T. Hartley
Fla. Bar No. 41136
Charles G. De Leo
Fla. Bar No. 353485
Jan M. Kuylenstierna
Fla. Bar No. 375985
DE LEO & KUYLENSTIERNA P.A.
Town Center One
Suite 1710
8950 SW 74th Court
Miami, Florida 33156
Tel: 786-332-4909
Fax: 786-518-2849
e-mail: cdeleo@dkmaritime.com
e-mail: jkuylenstierna@dkmaritime.com
e-mail: dhartley@dkmaritime.com
Counsel for KING OCEAN

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Damon T. Hartley*
Damon T. Hartley


William E. Cassidy, Esquire
CASSIDY & BLACK, P.A.
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 505
Miami, Florida 33156
Tel:     (305) 271-8301
Fax:     (305) 271-8302
Email:  wcassidy@marlaw.com